JACOB LOUD 2D *vs.* CHARLES K. DARLING.

A deed of land in the actual adverse possession of another, under claim of title, is void.
A school district tax is invalid which is assessed without first determining in what school districts the land of non-resident proprietors shall be taxed.

WRIT OF ENTRY to recover a parcel of land in Weymouth.

At the trial in the superior court, *Brigham*, J. ordered judgment for the tenant, upon facts which sufficiently appear in the opinion, and reported the case for the determination of this court.

*G. S. Sullivan*, for the demandant.

*T. P. Proctor & W. W. Warren*, for the tenant.

MERRICK, J. It appears from the report that Cotton Bates, as collector of the town of Weymouth, on the 3d day of May 1860 sold the demanded premises, for the non-payment of a tax assessed in the year 1859 to Roscius R. Walker as the owner thereof, at public auction, to Richard E. Loud, he being the highest bidder therefor, for the sum of $13.67; and on the 7th day of the same month made a deed of the same to him. It is not stated whether he then entered under that deed. But on the 25th day of the next ensuing month of July he was legally put in possession of the premises upon and under an execution which issued upon a judgment recovered by him against said

R. R. Walker; and from that time he continued to have uninterrupted possession thereof until the 8th day of May 1862, on which day he admits that he was disseised by the People's Perpetual Loan Fund Association, and that he has never since reëntered upon or regained the same, or had possession thereof. On the 12th of June in the same year the said association by their quitclaim deed conveyed the premises to the tenant, who thereupon immediately entered thereon, and has ever since been in pos‧session, claiming title thereto under that deed.

To prove his title, the demandant produced and read in evidence a quitclaim deed of the demanded premises to him, dated the 22d day of August 1862, made and executed on that day by Richard E. Loud. He relied wholly upon this deed, and he produced no other evidence to show that he had any right or title in the premises. But as the grantor was then disseised, and the tenant was in actual possession claiming title under his deed from said association, it is obvious that the deed from Richard E. Loud to the demandant was, as to the tenant, wholly inoperative and without effect; for no principle of law is better settled than that the policy of the common law does not admit of the conveyance by any one of a title to land which is in the adverse seisin and possession of another. 2 Washburn on Real Prop. 596. *Brinley* v. *Whiting*, 5 Pick. 348. *Barry* v. *Adams*, 3 Allen, 494.

As it thus appears that the demandant has shown no legal title to the premises, and that he cannot, therefore, maintain his action to recover possession thereof of the tenant, it is unnecessary to consider or pass upon any of the other questions presented in the report. It may, however, be proper to add that it must be considered that Richard E. Loud acquired no title to the premises under the deed of the tax collector Bates to him, because no evidence was produced to show that the assessors before assessing the school district tax determined in what school districts the lands of non-resident proprietors should respectively be taxed. Such determination is an indispensable prerequisite to the validity of a school district tax. *Taft* v. *Wood*, 14 Pick. 362.          *Judgment for the tenant.*